IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MICELI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INDIANA MEMBERS CREDIT UNION,<br><br>Defendant. | **Civil Action No.**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Miceli (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint against Defendant Indiana Members Credit Union (hereinafter "IMCU" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2. Defendant routinely procures consumers' credit reports for the purpose of reviewing credit obligations and collection of consumer debt.

3. Plaintiff brings statewide class claims against Defendant IMCU for knowingly and intentionally procuring his credit report for no permissible purpose.

## II. PARTIES

4. Plaintiff is a "consumer" as protected and governed by the FCRA, and resides in Indianapolis, Indiana.

5.  Defendant Indiana Members Credit Union is a financial institution with its principal office located at 5103 Madison Ave, Indianapolis, Indiana, 46227 - 4239.

### III. JURISDICTION AND VENUE

6.  The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

7.  Venue is proper in this Court because Defendant regularly does business in this District.

### IV. FACTUAL ALLEGATIONS

8.  On October 30, 2019, Plaintiff filed for relief under Chapter 7 of the United States Bankruptcy Code.

9.  Plaintiff's bankruptcy petition contained a list of his debts, including those with creditor IMCU.

10. The Bankruptcy Noticing Center sends electronic notice of the bankruptcy and automatic stay to those entities listed on a bankruptcy petition who have signed up for that service. The Defendant is such an entity.

11.  On or about November 1, 2019, the Bankruptcy Noticing Center sent a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, electronically to the Defendant. *See* Notice attached hereto as **Exhibit A**.

12. The Notice advised that the Plaintiff had filed a bankruptcy case and that all collection activities were to be stayed pursuant to the Bankruptcy Code. *Id.*

13. On February 4, 2020, the Plaintiff received an order granting a discharge of his debts, including the IMCU account. *See* **Exhibit** B annexed hereto.

14. The Bankruptcy Noticing Center sent the Order of Discharge of Debtor electronically to the Defendants on February 6, 2020. *See Id*.

15. Defendant IMCU received multiple notifications from the U.S. Bankruptcy Court that Plaintiff's debt was subject to the bankruptcy case. Thus, the Defendant knew that the Plaintiff had completed a chapter 7 bankruptcy case and had received a discharge of his debts, including the IMCU account.

16. Notwithstanding, on August 25, 2021, Defendant IMCU procured the Plaintiff's Transunion credit report.

17. Similarly, on September 15, 2021, Defendant IMCU procured the Plaintiff's Transunion credit report.

18. Permissible purposes for accessing a credit report include, but are not limited to, a person seeking a credit report in connection with a possible credit transaction, employment purposes, servicing of an existing credit obligation, or an otherwise legitimate business need. 15 U.S.C. § 1681b(a)(3)(A), (B), (E) and (F).

19. The Defendant had no permissible purpose for procuring the Plaintiff's credit reports or for viewing the Plaintiff's private, personal and confidential information.

20. As the result of its violations of the FCRA, IMCU is liable to Plaintiff for statutory and punitive damages, as well as attorneys' fees and costs. 15 U.S.C. § 1681n.

21. Defendant's conduct and actions were willful. The language of section 1681b(a) is pellucidly clear and there is no reasonable reading of the statute that could support Defendant's actions.

22. Defendant IMCU received multiple notices that the alleged debt had been discharged and was no longer collectible. Nonetheless, Defendant willfully, deliberately, and

intentionally procured Plaintiff's credit report over a year after receiving notice of the entry of the discharge order.

23. Defendant routinely obtains and uses consumer reports under false pretenses and/or impermissible purposes regarding consumers with whom Defendant has no account or credit relationship.

24. This practice violates the fundamental privacy protection afforded consumers under the FCRA and runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that under section 604(a)(3) of the FCRA (15 U.S.C. § 1681b(a)(3)), "'review' of an account refers to an existing (*i.e.*, open or current) account. *See* FTC letter dated April 29, 1999 to Don Gowen. Because there no longer exists any account to "review" and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from a CRA. *See* FTC Advisory Opinion letter dated April 30, 1999 to Kenneth J. Benner.

25. Case law existing prior to and at the time of Defendant's actions described herein served to put Defendant on notice that its actions in accessing a consumer's credit report when the alleged debt was no longer collectible was in violation of the FCRA.[1]

---

[1] *See, e.g.*, *Barton v. Ocwen Loan Serv. L.L.C.*, 2012 WL 4449860 (D. Minn. Sept. 26, 2012) (plaintiff stated claim for willful noncompliance where defendant accessed consumer report even after plaintiff repeatedly informed it that her obligation had been discharged in bankruptcy); *Haberman v. PNC Mortg. Co.*, 2012 WL 2921357 (E.D. Tex. July 17, 2012) (denying summary judgment where defendant allegedly obtained consumer report after debt had been discharged in bankruptcy); *Huertas v. Galaxy Asset Mgmt.*, 2010 WL 936450 (D.N.J. Mar. 9, 2010) (granting leave to amend complaint to allege that account had been discharged in bankruptcy eliminating permissible purpose), *aff'd on other grounds*, 641 F.3d 28 (3d Cir. 2011); *Godby v. Wells Fargo Bank*, 599 F. Supp. 2d 934 (S.D. Ohio 2008) (account review was. Not permissible purpose when account discharged in bankruptcy); *Thomas v. U.S. Bank*, 2007 WL 764312 (D. Or. Mar. 8, 2007) (denying summary judgment for bank because of fact issue whether bank knew account was discharged). *See also Orr v. Allied Interstate, Inc.*, 2012 WL 4033721 (N.D.N.Y. Sept. 12, 2012) (FCRA claim was not precluded by the Bankruptcy Code).

26. By reasons of the clear statutory language, the FTC opinions, the above cases and others construing section 1681b(a)(3) of the FCRA, Defendant had substantial notice that its conduct violated the FCRA. Further, because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

27. As a result of Defendant's conduct, the consumer Class Members such as Plaintiff have suffered concrete injuries. In addition to having their privacy invaded, Plaintiff and Class Members have had their personal identifying and account-related information unnecessarily disseminated to the Defendant, and, upon information and belief, to their related information sharing affiliates. Defendant has subjected Plaintiff and Class Members to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress.

28. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

29. Defendant IMCU, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## V. CLASS ACTION ALLEGATIONS

30. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action for himself and on behalf of the following Class:

> All natural persons: (a) whose consumer report was obtained by Defendant after the date beginning five years prior to the filing of this Complaint; (b) for an account review purpose; and, (c) where Defendant's records note that the account relationship had terminated because (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or, (iii) the account had been sold or transferred to a third party.

31. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

32. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Convergent releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

33. **Numerosity**. The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least thousands of members within the State of Indiana so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

34. **Commonality**. Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual question is whether Defendant's procuring the consumer report of a consumer whose debts had been discharged by bankruptcy court order violated section 1681b(a) of the FCRA by procuring such reports without a permissible purpose.

35. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

36. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests.

Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

37. **Predominance and Superiority**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

38. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.   CAUSES OF ACTION

### COUNT I
### 15 U.S.C. § 1681b(a)

39. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

40. Defendant IMCU is a "person" as defined by sections 1681a(b) of the FCRA.

41. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

42. The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

43. Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific certification.

44. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

> (a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> ...
>
> (3) To a person which it has reason to believe—
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
> ...
> (F) otherwise has a legitimate business need for the information—
> (i) in connection with a business transaction that is initiated by the consumer; or
> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

45. Pursuant to section 1681n and 1681o of the FCRA, Defendant IMCU is liable for willfully and negligently violating section 1681b(f) by obtaining consumer reports without a permissible purpose.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant IMCU and for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b(a), pursuant to 15U.S.C. § 1681n;

C. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

D. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## VIII.   TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: March 7, 2022

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
**Marcus Zelman, LLC**
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com

*Attorneys for Plaintiff*